UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DUANE HAWKINS    PLAINTIFF

v.    CIVIL ACTION NO. 3:07-CV-383-H

ERIC MILLER et al.    DEFENDANTS

## MEMORANDUM OPINION

The plaintiff, Duane Hawkins, filed a *pro se*, *in forma pauperis* complaint alleging employment discrimination, as well as claims arising under state law (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

The plaintiff was employed as a laborer at American Commercial, Inc. (ACI) in Louisville, Kentucky, until his discharge on February 27, 2007. He sues Eric Miller, ex-vice president of operations for ACI; Robert Illiff, ACI plant manager; and ACI shop supervisor Sherman Hart. The plaintiff alleges that on February 12, 2007, he filed an age[1] discrimination charge with the Louisville Metro Human Relations Committee (HRC) against Illiff and Hart; that on February 21, 2007, he filed a second complaint with the HRC against Hart; and that on February 27, 2007, he filed a third complaint regarding harassment from a co-worker, Lamont Taylor. He explains that on February 27, 2007, he became afraid of Taylor after Taylor became aggressive at work, and that Defendant Hart witnessed the scene but did nothing. The plaintiff alleges that he filed for unemployment insurance benefits and was notified by the Division of

---

[1] Although the plaintiff's complaint states that his charge was based on age, as will be discussed below, his complaints to the HRC actually were based on race.

Unemployment Insurance that he was allowed benefits because his termination was for reasons other than misconduct.

The plaintiff next alleges that on March 20, 2007, the discrimination and wrongful discharge complaints were forwarded by the HRC to the Equal Employment Opportunity Commission (EEOC) and that an investigator for the EEOC requested that Defendant Miller submit all information and relevant records. The plaintiff alleges that on or about April 23, 2007, Defendant Miller intentionally misrepresented the true nature of the charges and gave incomplete information and false facts, *i.e.*, that the plaintiff was terminated for having a physical altercation with Taylor. He states that on June 22, 2007, the EEOC forwarded to the plaintiff a notice of his right to sue based on its investigation.

The plaintiff sues Defendant Miller for making false statements to the EEOC that he was wrongfully discharged in retaliation for calling the police even though he has a constitutional right to due process and to be safe in his working environment based on the employee handbook. The plaintiff sues Defendant Illiff for giving false and defamatory information that caused him to be discharged. The plaintiff sues Defendant Hart for not advising Defendant Miller that Taylor approached plaintiff and that plaintiff had not started the fight. The plaintiff alleges that Defendant Hart demonstrated age discrimination and retaliation against plaintiff by placing a young, white male in his job; failing to stop Taylor in contravention of the employee handbook; violating the handbook by sending plaintiff home when it was only Taylor who should have been sent home; and giving Defendant Illiff false information. He sues each named defendant for $5,000,000.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

*A.*     *Capacity of defendants*

The plaintiff does not specify in what capacity he is suing the three named defendants. The Sixth Circuit Court of Appeals has rejected the concept of individual liability, unless the

individual otherwise qualifies as an "employer," under Title VII of the Civil Rights Act of 1964 (which deals with, among other things, racial discrimination in the workforce), the Americans with Disability Act (ADA) (which deals with disability discrimination in the workplace), and the Age Discrimination in Employment Act (ADEA) (which deals with age discrimination in the workplace). *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404-05 (6th Cir. 1997) (interpreting Title VII but also finding the liability schemes under Title VII, the ADEA, and the ADA essentially the same in aspects relevant to this issue); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) (interpreting ADA); *see also Smith v. Lomax*, 45 F.3d 402, 403 (11th Cir. 1995) (holding that employees cannot be liable under the ADEA or Title VII).

Thus, the defendants cannot be liable to the plaintiff for violations of his civil rights unless they qualify as an employer. The plaintiff did not list ACI as a named defendant in the portion of the complaint in which the defendant(s) is/are to be listed, and he did not include a summons for ACI. The plaintiff does request $5,000,000 in damages from ACI in the body of his complaint. However, as discussed below, even assuming that the named defendants could be considered "employers" or that ACI is a defendant in this matter, the plaintiff has failed to state a claim for relief.

**B.**     *Age discrimination claim*

The ADEA provides the exclusive remedy for age discrimination claims in the workplace. *Lefleur v. Texas Dep't of Health*, 126 F.3d 758, 760 (5th Cir. 1997) (per curiam); *Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1369 (4th Cir. 1989). "Pursuant to the provisions of the ADEA, an individual must first file a charge of discrimination with the EEOC as a jurisdictional prerequisite to filing a civil action." *Davis v. Sodexho, Cumberland College*

*Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998); *see also* 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."). "A charge of discrimination is sufficient if it contains 'a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id.* (citing 29 C.F.R. § 1601.12(b), 63 FR 36128). A discrimination claim in the district court may also include claims in the scope of the EEOC investigation which are reasonably expected to grow out of the discrimination charge made at the EEOC. *Id.* Thus, "[w]hen the EEOC investigation of one charge in fact reveals evidence of a different type of discrimination against the plaintiff, a lawsuit based on the newly understood claim will not be barred." *Id.* "Similarly, where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Id.*

Here, although the plaintiff alleges in his complaint that he submitted an age discrimination claim to the EEOC, a review of the attachments to his complaint demonstrates that he filed only a *race* discrimination charge with the EEOC. Exhibit A, which is a Louisville Metro HRC "Charge of Discrimination" form signed by the plaintiff states:

> I, Duane Hawkins, a black male, was hired on or about August 1, 2005 as a Laborer with the Respondent American Commercial, Inc. The Respondent terminated me on or about February 27, 2007[.] I believe the Respondent discriminated against me because of my race. I performed my work in a satisfactory manner. I was replaced by a white employee. White employees are not treated as I was treated. I believe that I have been discriminated against on the basis of my race, which is in violation of Title VII of the Civil Rights Act of 1964
> . . . .

That "Charge of Discrimination" bears the number 24J-2007-00059.

Also attached as part of Exhibit A are several "intake" information sheets relative to the incidents described in the plaintiff's complaint. It is not entirely clear to what agency those intake forms were submitted. However, those forms do not contain any allegations that the plaintiff was being discriminated against on the basis of *age*, only *race*. Also attached, as Exhibit D, is a March 20, 2007, letter from the EEOC relating to charge # 24J-2007-00059. That letter acknowledged the EEOC's receipt of that charge from the Louisville Metro HRC and stated that "[t]he information provided indicates that the charge is subject to: Title VII of the Civil Rights Act of (1964)." As Exhibit E, the plaintiff attaches a copy of a letter from the EEOC to Defendant Miller, requesting information and records relevant to charge # 24J-2007-00059. Exhibit F is the April 23, 2007, response from ACI denying any illegal act of discrimination relating to that charge. As Exhibit G, the plaintiff attaches a "Dismissal and Notice of Rights" form for 24J-2007-00059 dated June 22, 2007. That form states: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." That form further states that the plaintiff may file suit under federal law within 90 days of receipt of the notice.

Under *Davis*, the Court finds that any age-discrimination claim alleged by Plaintiff must be dismissed. Here, as in *Davis*, "the charge filed did not give the EEOC sufficient notice of [Plaintiff's] age discrimination claim to investigate or facilitate conciliation with [his] employer on that ground." *Davis*, 157 F.3d at 464. Aside from indicating his date of birth on the intake form, Plaintiff related no facts that would prompt the EEOC to investigate age discrimination, and a claim of age discrimination did not grow out of the investigation. Thus, as in *Davis*, the plaintiff has not complied with the ADEA's prerequisite to filing suit for an age discrimination

claim, and the Court must dismiss this claim.  *See id.*

C.     *Retaliation claim*

The plaintiff also alleges that his discharge was in part in retaliation because he called the police after he was approached by Taylor even though the employee handbook provided that the ACI workplace should be safe.  On the intake form he attached to his complaint, he stated that on February 27, 2007, he was wrongfully terminated "after failure to protect from harassment from co-worker (Lamont Taylor)."  He did not say that he was retaliated against for calling the police, and in fact that form stated that he believed that the employer took that action against him "because of [his] race."  An additional note dated February 27, 2007, stated that the complainant, *i.e.*, the plaintiff, had come to the office to report wrongful termination.  Specifically, it stated: "Co-worker threatened [the plaintiff] this morning, and R[espondent] terminated both.  [The plaintiff] called police to report."  Another intake form note stated:  "[The plaintiff] and another employee (Lamont) were fired 2/27 after the other employee threatened [the plaintiff].  [The plaintiff] file[d] police report on Feb 27th, the same date he was fired.  The plaintiff has learned other employee (also B.M.) has been brought back to work."  The Court finds, for purposes of this initial screening, that under *Davis*, the facts related "would prompt the EEOC to investigate a different, uncharged claim [retaliation]," and that "the plaintiff is not precluded from bringing suit on that claim."  *Davis*, 157 F.3d at 463.

To establish a *prima facie* case of retaliation under either Title VII or the ADEA, the plaintiff must show that he engaged in protected conduct.  *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 595 (6th Cir. 2007) (Title VII); *Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 381 (6th Cir. 2002) (ADEA claims).  Title VII's retaliation provision is similar in

pertinent respects to that of the ADEA, and cases interpreting Title VII are thus an appropriate source of authority for interpreting the ADEA's anti-retaliation clause. *See, e.g., Wathen*, 115 F.3d at 404 n.6 (stating that the supervisor liability sections of the ADEA and Title VII can be interpreted interchangeably). The initial question, therefore, is whether, in calling the police to report his co-worker's aggressive actions towards him, the plaintiff engaged in a statutorily protected activity. The facts alleged in the complaint do not show that the plaintiff was engaged in protected conduct under Title VII or the ADEA. According to the complaint and the attachments thereto, the plaintiff, a black male, reported to the police that he was being physically threatened by a co-worker, Lamont Taylor, another black male, and nothing in the complaint or its attachments[2] indicates that his report to the police concerned any discriminatory treatment. *See Hounton v. Gallup Independent Co.*, 113 Fed. Appx. 329, 333-34 (D.N.M. Oct. 20, 2004) (holding that an African employee who left work when Native American co-workers threatened to hurt him, went to police station, filed a police report, and returned to work with a police officer had not engaged in a protected activity because nothing in his police report referred to discriminatory activity based on race or national origin.); *cf. Parks v. City of Chattanooga*, 74 Fed. Appx. 432, 437-38 (6th Cir. 2003) (where plaintiff had written letters and complaints about of a lack of minority representation and accusing two supervisors of racial discrimination he had addressed matters of sufficient public concern that he was engaged in protected activity). Therefore, the Court finds that the plaintiff was not engaged in a protected activity when he called the police, and, therefore, the plaintiff fails to state a claim for retaliation.

---

[2] He attaches as part of Exhibit A the event summary of the police being called on February 27, 2007. That event summary simply says that the complainant had said that someone had threatened to use a gun on him.

D.  *Due process claim under employee handbook*

The plaintiff asserts that he has a constitutional right to due process under the employee handbook. His action fails as a matter of law because he has not alleged that any of the defendants is a state actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837-38 (1982) (where employees alleged that private employer had violated constitutional due process rights Court held that guarantee of due process applies only to actions of states not private persons); *see also Stephenson v. CNA Financial Corp.*, 777 F. Supp. 596, 599 (N.D. Ill.1991) (finding employment discrimination plaintiff's due process claims did not state cause of action against a private corporation and its officials absent any allegation of state action).

E.  *Supplemental state law claims for defamation*

The plaintiff also alleges that the defendants defamed him, a state-law cause of action. Under 28 U.S.C. § 1332(a), a federal court has jurisdiction, over cases where the amount in controversy exceeds $75,000 and "in which the citizenship of each plaintiff is diverse from the citizenship of each defendant," thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Defendant Miller's address is given as Bristol, Virginia. Therefore, it appears that the citizenship of the plaintiff, a resident of Kentucky, and Miller are diverse. However, according to the plaintiff's complaint, both Illiff and Hart are residents of Kentucky. Therefore, there is no complete diversity, and diversity jurisdiction does not exist.

Because the plaintiff's federal law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over the plaintiff's state law claims for defamation. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss the plaintiff's complaint for failure to state a claim.

Date:



cc: Plaintiff, *pro se*
    Defendants

4412.009